UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **KENNETH SMITH** | **CIVIL ACTION NO. 06-0320** |
| **VS.** | **SECTION P** |
| **CHAD LEE, WARDEN** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed in forma pauperis on February 22, 2006 by pro se plaintiff Kenneth Smith. Plaintiff is an inmate in the custody of the Jefferson Parish Sheriff's Office. He is presently incarcerated at the Jefferson Parish Corrections Center, but when he filed his complaint he was a pre-trial detainee at the Franklin Parish Correctional Center (FPCC) in Winnsboro, Louisiana. He complains of conditions of confinement at that institution and names its Warden Chad Lee as his sole defendant. He seeks injunctive relief directing the Warden to improve conditions at his jail and monetary damages for "mental stress and mental anger."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

## STATEMENT OF THE CASE

Plaintiff arrived at the FPCC on October 7, 2005. [doc. 4, p. 7] In his civil rights complaint filed in February, 2006 he alleged that there were 100 inmates living in his dormitory

which was designed to accommodate 70. According to plaintiff, the conditions are unsanitary and some inmates must sleep on the floor. The bathroom and showering area are filthy and when the inmates' clothes are returned from the laundry they are still dirty because the washing machines are overloaded.

Inmates are not being checked for medical problems because there is no medical staff. Prison staff opens legal mail. Inmates are not allowed "to research our cases." Pre-trial detainees, like plaintiff, are forced to live in the same dormitory with convicts.

Plaintiff was afforded *in forma pauperis* status on March 13, 2006. [doc. 5] On May 2, 2006, authorities at the FPCC advised the court that Smith was transferred to Jefferson Parish on April 12, 2006.

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157

F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint is clear and concise. Plaintiff has pled his best case and need not be afforded any further opportunity to amend.

Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that plaintiff has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

2. Mootness

Plaintiff prays for injunctive relief – an order directing the Warden to correct the conditions complained of in the petition. Available evidence establishes that plaintiff is no longer detained at FPCC and therefore his suit for injunctive relief against Warden Lee is now

3

moot. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir.2001); see also *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir.1991). The possibility that plaintiff may be transferred back to the FPCC is too speculative to warrant relief. See *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir.1987). Therefore, plaintiff's claims for injunctive relief based upon the conditions of confinement at FPCC should be dismissed as MOOT.

### 3. 42 U.S.C. §1997e

Plaintiff also prays for monetary damages to compensate him for the mental stress and mental anger he has experienced. 42 U.S.C. § 1997e was amended by the Prison Litigation and Reform Act of 1996. Under the current version of the statute, prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." *Crawford-el v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997).

Plaintiff has alleged no physical injuries resulting from his confinement at FPCC and therefore his claim for monetary damages is legally without merit. See *Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir.2001) (holding that a plaintiff was not entitled to money damages as a matter of law on his claim for mental and emotional stress due to an increased risk of illness, cold showers, cold food, unsanitary dishes, insect problems, inadequate clothing, and the presence of an open cesspool near the housing unit because he did not allege any physical injuries resulting therefrom); *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999) (finding that a prisoner complaining about his placement in administrative segregation failed to demonstrate a physical injury as required by §1997e(e) sufficient to support a claim for monetary damages);

4

*Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir.2003), *cert. denied*, 541 U.S. 1012, 124 S.Ct. 2071, 158 L.Ed.2d 623 (2004) (nausea and vomiting caused by raw sewage on floor of jail cell was *de minimis*).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 10th day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

5